# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BALLA TOURE** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-7101 |
| | : | |
| **PAMELA BONDI** | : | |
| *Attorney General of the United States,* | : | |
| **ET AL.** | : | |

## ORDER

This 19th day of December, 2025, upon consideration of Petitioner Balla Toure's Emergency Petition for Writ of Habeas Corpus (ECF 1), the government's opposition, and petitioner's reply, it is hereby **ORDERED** that the motion is **GRANTED**.[1]

**IT IS FURTHER ORDERED** that:

1. The Court finds and declares that Mr. Toure is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. The government shall release Mr. Toure from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **1:00 p.m. ET** on **December 22, 2025**.

3. The government is temporarily enjoined from re-detaining Mr. Toure for seven days following his release from custody.

---

[1] The issues presented by this petition have been capably and thoroughly analyzed by numerous members of this Court, and no purpose is served by the delay in preparing an opinion addressing the same issues. *See* ECF 5, p. 1, n.1. I therefore adopt and rely upon the reasoning of those decisions, including, without limitation, *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *4-7 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Diallo v. O'Neill, et al*, No 25-cv- 6358 (E.D. Pa. Nov. 26, 2025) (Savage, J.);

4.       If the government pursues re-detention of Mr. Toure, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of Mr. Toure's removal proceedings.

5.       If the government pursues re-detention of Mr. Toure, it shall not remove, transfer, or otherwise facilitate the removal of Mr. Toure from the Eastern District of Pennsylvania prior to the bond hearing that would then be required by this order.  If the immigration judge determines Mr. Toure is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Mr. Toure if unforeseen or emergency circumstances arise that require his removal from this District.  That request must set forth the grounds for the request and a proposed destination.

     /s/ Gerald Austin McHugh
United States District Judge